**RAYETTE-FABERGE, INC., Plaintiff,**

v.

**JOHN OSTER MANUFACTURING CO., Defendant.**

**No. 68–C–84.**

United States District Court
E. D. Wisconsin.

Sept. 19, 1969.

Foley, Sammond & Lardner, by James P. Brody, Milwaukee, Wis., Davis, Hoxie, Faithfull & Hapgood, New York City, of counsel, for plaintiff.

Quarles, Herriott, Clemons, Teschner & Noelke, by L. C. Hammond, Jr., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are presently before the court four separate motions relating to the production of documents under rule 34. One such motion has been brought by the plaintiff, and three motions have been made by the defendant. Since all motions are related in concept, they will all be resolved in this decision.

Opposing counsel have met and made an attempt to resolve their disagreements

relative to discovery, and the present motions reflect the residual disagreements.

The disclosure of a few of the documents in question is resisted on the basis of non-materiality, but the principal objections relate to the attorney-client privilege and to the work-product rule. This court recently had occasion to consider these doctrines in its decision in Kearney & Trecker Corp. v. Giddings & Lewis, Inc., 296 F.Supp. 979 (E.D.Wis.1969). Both sides have cited the aforesaid decision in their memoranda submitted in the instant case; since that opinion contains an analysis of both the attorney-client privilege and the work-product privilege, together with citations of authority, I do not think it necessary to repeat here the recitation contained in that case. The court incorporates by reference its opinion in the *Kearney & Trecker* Case.

The court will first consider the plaintiff's motion which seeks an order requiring the production of three separate documents. One of these documents is a letter dated March 2, 1967 from an attorney named Walter Lewis. It is addressed to Mr. Alan Bate, who, the court is advised, is an officer of the John Oster Manufacturing Company. A second letter is dated July 21, 1965 and is signed by Mr. Bate and addressed to the attorney, Mr. Lewis. Although Mr. Lewis is an attorney with the Sunbeam Corporation, it is my opinion that these two letters qualify as privileged and need not be produced by the defendant.

The third document sought by the plaintiff is a memorandum dated February 2, 1966, signed by a Mr. Healy and addressed to the attention of a Mr. Sam Rogers. This memorandum summarizes a discussion which Mr. Healy had with the attorney, Mr. Lewis, and the court is of the opinion that it is not protected by the attorney-client privilege and should be disclosed to the plaintiff.

Each of the three documents referred to above was submitted for the court's *in camera* inspection for purposes of this motion.

The first motion brought by the defendant is dated June 26, 1969; it seeks the production of 25 separate documents itemized in said motion. As a result of plaintiff's counsel's further review of the documents in question, there remain but 12 documents in dispute. Three of these documents, numbered 19–58, 19–59, and 19–60, relate to foreign patent applications and are claimed by the plaintiff to be irrelevant. In my opinion, there is no apparent attorney-client privilege relating to these three documents; further, it would seem that production of these instruments may lead to relevant evidence, and accordingly, they should be produced.

Two other documents, numbered 19–126 and 19–132, are said by the plaintiff to be protected because they give the annual sales figures of the plaintiff concerning hair dryers embodying the invention of the patent in suit. The defendant points out that this evidence is not sought as proof of damages, but to contradict the plaintiff's claim that the patent in suit has enjoyed commercial success, and upon this basis, the court overrules the plaintiff's objection. Accordingly, the aforesaid two documents should be produced.

The following documents involve correspondence between counsel representing the plaintiff and a firm of patent agents by the name of Marks & Clerk: 19–107, 19–118, 19–123, 19–131, 19–134, 19–152, and 19–154. In my opinion, the attorney-client privilege does not apply to the correspondence in question for the reason that the communications are with a group of agents who, apparently, are not attorneys at law. Accordingly, the aforesaid documents should be produced in response to the defendant's motion.

The defendant has also sought the production of certain documents in a second

motion, filed July 31, 1969. In this motion, the defendant seeks the right to inspect ten communications identified by number in such motion. The plaintiff points out that two of the requested documents are duplicates (19–16 and 19–46; 19–19 and 19–49), and accordingly, there are actually eight documents involved in the instant motion.

The plaintiff has furnished the aforesaid documents to the court for its *in camera* inspection.

■ Documents 19–1, 19–2, and 19–3 are memoranda prepared by plaintiff's counsel and, in my opinion, are protected under the work-product exemption. The defendant has not met its burden of persuading the court that discovery as to these materials is warranted.

■ Document 19–4 is a letter dated March 19, 1968 from the plaintiff to its attorney, Mr. Whiting. Document 19–5 is a letter from Mr. Whiting, dated March 20, 1968, to plaintiff's attorney in Milwaukee. Document 19–12 is a letter from Mr. Whiting, dated July 21, 1967, to Mr. Niemiec, executive vice president of operations for the plaintiff; document 19–16 is another letter between the same parties dated July 16, 1965. Each of these documents is insulated by the attorney-client privilege and need not be produced.

■ On July 23, 1965, Marks & Clerk, who are agents and not attorneys at law, wrote a letter to plaintiff's counsel (document 19–19) mentioning various foreign countries where applications might be filed. This letter has a short, handwritten notation in the margin which the plaintiff claims was written by plaintiff's counsel. In my opinion, document 19–19 is not entitled to protection and should be disclosed.

The final motion, filed on August 11, 1969, is the defendant's demand for the production of 65 documents. In its response to the motion, the plaintiff has indicated that it will produce those documents which are available, indicating that certain of the documents are not capable of being produced because "they cannot be identified". In view of the plaintiff's willingness to deliver those documents it can produce, I deem it unnecessary to make any specific ruling on the motion of the defendant filed on August 11, 1969.

## CONCLUSION

Although the defendant has proposed that certain documents be delivered not later than September 22, 1969, the court deems it inappropriate to fix any deadline at this time. The documents which are required to be produced pursuant to this order shall be transmitted by the respective counsel at the earliest practicable date; if the representatives of either side deem the production to be dilatory, an application, with notice, to fix a deadline may be made to the court.

All documents submitted for the *in camera* inspection of the court are being returned to the counsel who transmitted them to the court. Therefore, it should not be assumed that physical delivery to opposing counsel of any document now before the court will be made by the court.

Now, therefore, it is ordered that the motions to produce documents under rule 34 be and hereby are granted or denied as set forth in the foregoing decision.