**NATIONAL DAIRY PRODUCTS CORPO-RATION (now by change of name Kraftco Corporation), Plaintiff,**

v.

**L. D. SCHREIBER & CO., INC., et al., Defendants.**

**No. 63–C–116.**

United States District Court, E. D. Wisconsin.

Dec. 14, 1973.

Fitch, Even, Tabin & Luedeka by Edwin M. Luedeka, Chadwell, Keck, Kayser & Ruggles by C. Lee Cook, Jr., Chicago, Ill., Michael, Best & Friedrich by Paul R. Puerner, Milwaukee Wis., for plaintiff.

Dressler, Goldsmith, Clement & Gordon by Herman Gordon, Chicago, Ill., Foley & Lardner by Maurice McSweeney, Milwaukee, Wis., for Schreiber.

Whyte, Hirschboeck, Minahan, Harding & Harland by Robert P. Harland and Fred Wiviott, Brady, Tyrrell, Cotter & Cutler by Patrick W. Cotter, Milwaukee, Wis., for Interim & Hayssen.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This matter is before me on two motions for discovery and one for summary judgment. The plaintiff Kraftco seeks to inspect those of the defendant Schreiber's operations which are alleged to infringe the patent in suit. Schreiber has countered with a motion to inspect those of Kraftco's operations which allegedly perform the process which is the subject of this suit. Schreiber's asserted objective is to establish that Kraftco's is but a "paper" patent which has not been practiced and which therefore merits but a narrow construction.

Relying upon affidavits which contain expert opinions, Schreiber has also moved for summary judgment on the grounds that its method lies clearly outside the scope of Kraftco's patent, which has already twice been adjudicated. See National Dairy Products Corporation v. Borden Company, 394 F.2d 887 (7th Cir. 1968); National Dairy Products Corporation v. Swiss Colony, Inc., 364 F.Supp. 134 (W.D.Wis.1972).

■ I conclude that both Kraftco and Schreiber should be permitted to inspect and test each other's operations, subject to certain protective provisions discussed herein. I also conclude that Schreiber's motion for summary judgment should be denied. Kraftco plans to examine Schreiber's experts as to the factual averments raised in the motion. Thus, it appears probable that they are or will be disputed factual issues. It follows that the motion for summary judgment should not be granted.

■ Schreiber contends that its manifold-only, constant atmosphere method is outside the prior adjudicated scope of the patent in suit, and has challenged Kraftco's claim of "commercial success". The instant motions to inspect are therefore inextricably intertwined with the resolution of this case. On the one hand, Kraftco has a justifiable interest in inspecting and testing Schreiber's operations so that it can properly respond to the expert opinions advanced by Schreiber, which attempt to distinguish the Schreiber method from the method of the patent in suit. On the other hand, should Schreiber substantiate its challenge to Kraftco's claim of "commercial success" by demonstrating that Kraftco does not practice the method of the patent in suit, then the scope of the Kraftco patent will be limited and the

focus of the court will shift for purposes of the infringement determination. See Lockwood v. Langendorf United Bakeries, Inc., 324 F.2d 82, 88 (9th Cir. 1963). Schreiber is therefore entitled to inspect and test Kraftco's operations to the end of assembling and presenting appropriate evidence to the court in respect of Kraftco's claim of "commercial success". See Rayette-Faberge, Inc. v. John Oster Mfg. Co., 47 F.R.D. 524 (E.D.Wis.1969).

With regard to the fashioning of an appropriate protective order, aimed at sparing each party unnecessary business disruptions as well as the divulgence of trade secrets, I note that the parties met in anticipation of this order authorizing the inspections, and attempted to arrive at a solution. I am prepared to adopt Schreiber's proposal that Kraftco's counsel and its experts inspect and test, in the presence of Schreiber's counsel and experts, the machine on which the tests were run for the data attached to Schreiber's motion for summary judgment. Similarly, in the presence of Kraftco's counsel and experts, Schreiber's counsel and experts may inspect and test those Kraftco machines illustrated and described in the patent in suit, which are asserted by Kraftco to be operated in accordance with the method of patent in suit. The data obtained from such inspections and tests should be exchanged as between the parties. This will enable the parties and the court to be assured that the data presented as evidence is accurate and, to the extent that there may be differences in the results of any tests which are performed on those devices which are inspected, it will permit those differences to be minimized if possible and explained to the court if necessary.

Therefore, it is ordered that the defendant Schreiber's motion for summary judgment is denied.

It is also ordered that each of the parties may inspect the other's operations for the purposes and subject to the protective provisions hereinbefore stated.