**CUNO INCORPORATED, Plaintiff,**

v.

**PALL CORPORATION, and Pall Ultrafine Filtration Corporation, Defendants.**

**No. CV 86–3197 (JBW).**

United States District Court,
E.D. New York.

June 2, 1987.

Steven Z. Szczepanski and Glen P. Belvis of Willian Brinks Olds Hofer Gilson & Lione Ltd., Chicago, Ill., and Steven L. Herrick of Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano, Union Dale, N.Y., for plaintiff Cuno Inc.

C. Frederick Leydig and H. Michael Hartmann of Leydig, Voit & Mayer of Chicago, Ill., and Lois Carter Schlissel of Suozzi, English & Klein, P.C., Mineola, N.Y., for defendants.

## DECISION AND ORDER

DAVID F. JORDAN, United States Magistrate.

This is a de novo motion by plaintiff, Cuno Incorporated, to compel inspection of Pall's manufacturing facilities and for the attorney fees associated with the motion.

The decision is based upon the following documents:

1. Motion de novo by plaintiff with supporting Memorandum of Law dated March 6, 1987.

2. Scheduling Order of Magistrate Jordan dated March 9, 1987.

3. Defendants' opposition dated March 19, 1987.

4. Reply Memorandum of Law dated March 30, 1987.

5. Letter of April 3, 1987, from defendants' counsel.

6. Letter of April 7, 1987, from plaintiff's counsel.

7. Comprehensive Protective Order of Judge Weinstein dated April 15, 1987.

The motion to compel the amended inspection is granted.

The motion to recover attorney fees is denied.

## MATERIAL FACTS

Cuno claims Pall has infringed its patent regarding positively charged nylon membranes. Pall relies on its own production process as a defense to this infringement claim and has raised a counterclaim that Cuno has infringed Pall's own patent regarding uncharged nylon membranes.

## BACKGROUND

On January 28, 1987, Cuno requested an inspection of Pall's entire manufacturing facility regarding its claimed patent infringement. Cuno wished to inspect, observe, videotape, and photograph the claimed infringing process. Pall objected and in a telephone conference on February 19, 1987, I ruled that the motion could not be favorably decided on oral arguments. I denied inspection without prejudice to a de novo reconsideration based on case law and briefs.

On March 6, 1987, Cuno amended its inspection request by expanding the request to include inspection of the manufacturing process involved in Pall's counterclaim, and made this de novo motion to compel inspection and to grant attorney fees for the instant motion.

Pall objects to the motion on both procedural and substantive grounds. The procedural argument is that it was not given the opportunity to resolve the dispute before the motion was brought. The substantive objections are that Cuno failed to show need for the inspection; that the plant inspection would be an extraordinary means of discovery; and that confidential peripheral and proprietary technology would be at risk if the inspection were granted.

## MOTION TO COMPEL INSPECTION

■ Pall's procedural objection has little merit. Pall vigorously opposed the initial request, and its whole tenor in objecting to the broader request makes Pall's position clear. It opposes any inspection under any circumstances. Therefore, any attempt by the movant to comply with the local rules would have been a useless gesture. The requirement that the parties seek to resolve discovery questions informally, between themselves, before contacting the court is waived in this instance.

■ Pall's substantive objections are overruled. First, inspections are not an extraordinary means of discovery in patent suits. *Babcock & Wilcox Co. v. Public Service Co.*, 22 Fed.R.Serv.2d 340 (S.D.Ind. 1976); *National Dairy Products Corp. v. L.D. Schreiber & Co.*, 61 F.R.D. 581 (E.D. Wis.1973). Inspection is permitted, and indeed anticipated, by Rule 34(a), to be governed by the scope of Rule 26(b). Fed.R. Civ.P. 34. The scope of Rule 26(b) is "any matter ... which is relevant." Fed.R. Civ.P. Rule 26(b)(1). The requested inspections cover the processes at issue in the claim and in the counterclaim. Thus they are relevant and satisfy the only requirement for inspection.

■ Second, Pall's contention that a showing of need is a prerequisite for an order to compel inspection is incorrect. Since the 1970 amendments to the Federal Rules of Civil Procedure, a showing of need has not been necessary. See Advisory Committee Note of 1970 to Amended Rule 34. As per the above discussion, only a showing of relevance is necessary and this has been met. The inspections pertain to the processes in question.

Third, Pall's fear of Cuno's viewing confidential proprietary and peripheral technologies is unwarranted in light of the protective order and the discovery that Pall has already allowed.

Thus, for the above reasons, Cuno's motion to compel the amended inspection is granted.

## MOTION FOR ATTORNEY FEES

■ Cuno is denied reimbursement of its expenses for the motion. Pall's opposition to the inspections was not substantially justified and normally the court is to award expenses unless it finds "that the opposition to the motion was substantially justified." Fed.R.Civ.P. 37(a)(4). However, although Pall's procedural objection of not having an opportunity to resolve the issue has little, if any, merit, compliance with the rule does serve to put the parties on notice that an application for an appropriate sanction is in the offering. This can, and does, cause parties to modify their positions. Movant having by-passed this requirement, it would be unjust to award counsel fees at this time.

SO ORDERED.